Buchanan vs. The State of Georgia.

JOSEPH BUCHANAN, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] On the indictment of B. for the murder of G. by stabbing, the Court charged, that if there was an attempt by G. to commit *a serious personal injury* on B., and he, B., in a sudden heat of passion, killed G. he was guilty of voluntary manslaughter.

*Held*, That, *serious personal injury*, must be construed to mean, an injury, greater than a provocation by mere words, and less than a felony ; and, therefore, that the charge was right.

[2.] The Court also charged, that if B. provoked the difficulty, if he brought upon himself the necessity to kill G. to save his own life, the killing amounted to murder. The evidence showed, that B. had a bowie knife concealed about his person, and, in other respects it was such as to repel the idea, that his purpose was no more than a battery. The verdict was for voluntary manslaughter.

*Held*, That this charge was no ground for a new trial.

[3.] After a verdict of manslaughter, a person made oath that one of the jurors, had before the trial, told him, that he saw the greater part of the difficulty, and that if he was a juror, he would be compelled from what he saw—he did did not know how he could get round finding him guilty of murder. The juror himself, then swore, that he did not see the crime committed, or hear any part of the evidence before the trial ; that he had no bias ; that he was a stranger to one of the parties, and almost a stranger to the other ; and that he went for manslaughter, when others of the jury were going for murder. The evidence made out a case of manslaughter, if not of murder. The Court refused to grant a new trial.

*Held*, That this refusal ought not to be disturbed.

Murder, from Harris county. Tried before Judge WORRILL, October Term, 1857.

Joseph Buchanan the plaintiff in error. was indicted for the murder of Joseph J. Gorham ; he was convicted of voluntary manslaughter, and moved for a new trial, on the following grounds:

1st. Because the Court erred after giving to the jury the definition of voluntary manslaughter, as contained in the penal code, in instructing the jury that if the proof showed that there was an attempt by Gorham to commit *a serious personal injury* on the person of Buchanan, and he Buchanan at the time without notice, and in a sudden heat of

passion, killed Gorham, that he was guilty of voluntary manslaughter.

Or if the evidence proved that Gorham made an assault upon Buchanan, and therefore, Buchanan, in a sudden heat of passion and without malice, killed him, then the killing, according to the definition, would amount to voluntary manslaughter.

2d. Because the Court erred in instructing the jury, that if Buchanan provoked the difficulty, if he brought on the fight, if he brought upon himself the necessity to kill Gorham to save his own life, then the killing amounts to murder.

3d. Because the counsel for the State, in the course of the argument in conclusion, insisted that the accused used profane and provoking language in the presence of the deceased, in the streets, with a view to provoke the deceased into a difficulty, and pursued him into the billiard room, when the counsel for the accused objected to the State's counsel arguing a state of facts not authorized by the testimony as there was no proof that the accused and deceased were together in the streets before the difficulty; the Court permitted the counsel for the defendant to state their recollection of the testimony, and that the State's counsel might do the same, and leave it to the jury to determine between them; and after counsel for the accused stated their recollection of the testimony on that point, the counsel for the State proceeded to argue the case, and speaking of it as occuring in the town of Hamilton, and perhaps in the hearing of the ladies.

4th. Because, James Perry, one of the jurors who tried said case and rendered said verdict was subpœnaed as a witness on the part of the State, and had before he was selected as a juror, stated that he witnessed the greater part of the difficulty between Buchanan and Gorham, and if he was taken on the jury, he did not know how he could get round finding him guilty of murder.

The Court refused the motion on all the grounds taken, and prisoner excepted.

WM. DOUGHERTY & D. P. HILL, for plaintiff in error.

Sol. Gen'l OLIVER; and RAMSEY & CARITHERS, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Did the Court err in refusing to grant a new trial? This is the question.

Was the charge contained in the 'first ground of the motion right?

It is argued that an attempt to kill a man, is an attempt "to commit a *serious personal injury*" on him; and that killing, in repelling an attempt to kill, is not manslaughter, but only justifiable homicide. In other words, that the expression, an attempt to commit a serious personal injury on a man, includes attempts to commit *felonies* on him. Consequently, that the charge amounted to telling the jury, that Buchanan might be guilty of manslaughter, although, when he killed Gorham, Gorham was trying to kill him.

Does the charge amount to this? This expression is taken from the Code. The 7th section of the fourth division, commences thus: " In all cases of voluntary manslaughter, there must be some actual assault upon the person killing; or an attempt by the person killed, to commit a serious personal injury on the person killing."

What does the expression mean here?

It is immediately followed by the words, " provocation by words, threats, &c., shall in no case be sufficient, to free the person killing," from murder.

It is, after a little, followed by the words; "justifiable homicide is the killing of a human being," "in self-defence, or

in defence of habitation, property, or person, against one who manifestly intends, or endeavors, by violence or surprise, to commit a felony on either."

The expression, then, must mean, an attempt to commit an injury, lying *between* a provocation by mere *words*, and an attempt to commit a *felony*—an injury, greater than the former, less than the latter.

And there is a common usage, that favors this, as the true meaning. We say, a serious hurt, a serious loss, a serious accident—meaning less, than a fatal hurt, a fatal loss, a fatal accident, and more, than a trifling hurt, a trifling loss, a trifling accident.

This, then, is the meaning of the expression in the statute. And whatever is the meaning it has in the statute, is, we are bound to say, the meaning it was intended to have, in the charge?

It must follow, that the objection to this charge, was not well founded.

Was the charge contained in the several grounds of the motion, right?

It is said that it might have been true, that Buchanan "provoked the difficulty"—" brought upon himself the necessity of killing Gorham, to save his own life,"—with the motive, to induce an attack on himself by Gorham, and then, under color of repelling that attack, to *beat* but *not to kill* Gorham.

Admit that this was actually true; in that case, what kind of homicide was it? No body will say, that it was *justifiable* homicide. Was it manslaughter? Where is the "sudden heat of passsion?" Was it murder? Where is the "malice aforethought?" Yet it has to be murder or manslaughter; and it is as easy to make it out murder, as it is, to make it out manslaughter.

But it cannot be admitted, that this was actually true—it cannot be admitted, that Buchanan's motive was no more,

than to get an opportunity merely, to beat Gorham, under color of preventing Gorham from beating him. The concealed bowie knife—the whole evidence forbids such an idea.

Again, it is true, that the charge said, that the killing would, (in the supposed events,) amount to *murder*, but the verdict was only for manslaughter. So the charge if wrong, did no harm.

[2.] We cannot say, that this charge, constitutes a good ground for the motion.

There is nothing of any validity, apparent in the third ground.

Is there any validity in the ground, as to the juror, Perry ?

Not if we go by the juror's own affidavit. He swears, that he did not see the crime committed, or hear any part of the evidence, till the trial.

It is true, that Moore swears, that Perry told him, that he saw the greater part of the difficulty. But this, at most is but Perry's statement, not under oath, against his statement under oath.

Of the two statements, supposing that both were made, why should we not choose the one made under the sanction of an oath, rather than the one made not under the sanction of an oath ? But we cannot be sure, that both were actually made; we cannot be sure, that Moore was not mistaken.

Certainly, the juror seems to have been a person, free from bias. He had never seen one of the parties—never seen the other but once. He went for manslaughter, when others of the jury, were for murder, and going for manslaughter in such a case, was anything but a sign of bias *against* the party accused.

Finally, the Judge has passed upon this ground and overruled it; and by the Act of 1856, *(Acts* 231,*)* the Judge takes the place of the triers of the old law. This was a ground peculiarly for triers.

We think, then, that there is nothing in this ground.

The result is that in our opinion the Court did not err in refusing to grant a new trial.

Judgment affirmed.