Hughes vs. Meredith and wife.

---

DANIEL G. HUGHES, propounder, plaintiff in error, vs. WYATT MEREDITH and WIFE, caveators, defendants in error.

If the person who writes the will, takes a large benefit under it, then, in order to show that the testator knew the contents of the will, it is necessary to show, that the will was read over to him, or by him, or to show that he gave instructions for such a will, or to show something equivalent as evidence to one of these facts.

Caveat to will, from Twiggs.    Tried before Judge POWERS, September Term, 1857.

This was a caveat, tried on appeal from the Ordinary, to a paper propounded as the last will and testament of John W. Allen, deceased.

The Ordinary pronounced in favor of the paper propounded as the last will and testament of John W. Allen, deceased,

and gave judgment admitting the same to probate and record, except the *tenth* and *fourteenth* clauses, which he rejected, as coming within the provisions of the Act of 1818, concerning the manumission of slaves by will. From this judgment of the Ordinary caveators appealed, and the case was tried by a special jury, at September Term, 1857, of Twiggs Superior Court.

Both parties having submitted their proofs, after argument by counsel, propounders requested the Court to charge the jury as follows:

1st. That if from the testimony they should believe that deceased had sound and disposing mind and memory, so as to dispose of his property with judgment and discrimination, although they should believe him to be in a dying state when he made his will, the law considers him in such cases as having testamentary capacity.

2d. That by the principles of the common law of force in Georgia, *it is only in a case where the capacity or mind of a testator is imbecile or doubtful,* and the person writing the will takes a considerable legacy under the will, that the law requires proof of the reading of the will by the testator, or a knowledge of its contents.

3d. But when the testator is of sound and disposing mind and memory, and can read and write, and does actually sign the will, and say it is his will, and that he had read it or heard it read, (there being no proof of fraud on the testator,) such a will being in accordance with the principles of the law, must be set up and sustained by a jury, notwithstanding any opinion they may entertain as to the justice of its provisions.

4th. That however capricious or unreasonable a will may be, whether by it the property of testator was given to his kin, or to strangers to his blood, or to a person who has no claim by kindness or friendship on his bounty, it was the legal right of testator to dispose of his property by will, in such way as might have seemed good in his own eyes.

Hughes vs. Meredith and wife.

5th. That the will must be sustained by the jury, unless it satisfactorily appears that deceased, from lack of sufficient mind and memory at the time of making it, or other cause, was constrained to act against his will, intentions, affections, and wishes.

6th. That to constitute undue influence, some act or acts must be proved to have been done by Combs or Hughes, to cause Allen, the deceased, to dispose of his property by will, contrary to his wishes and desires.

7th. That if the jury believe that testator read the will, or heard it read, it is evidence that he knew its contents.

His honor Judge Powers refused to charge the second, third and fifth requests, in the words thereof, not because he says the principles therein stated were not abstractedly true, but as applied to this case, he desired to qualify them.

The jury having been charged by the Court, found for the will, with the exception of the 10th and 14th clauses thereof, attempting the manumission of slaves contrary to the laws of the State of Georgia.

Caveators moved for a new trial, because

1st. The jury found contrary to the evidence, and against the evidence.

2d. Because the verdict was contrary to law.

3d. Because the jury found against the charge of the Court.

4th. Because the verdict is decidedly and strongly against the weight of the evidence.

5th. Because the Court erred in allowing the propounder to read the will to the jury, as it contained clauses manumitting slaves.

6th. Because the Court erred in refusing to charge the jury, that the testator having endeavored to manumit and set free a part of his slaves by his said will, avoided the whole will, but charged that it only avoided the clauses in and by which said manumission was attempted.

Upon argument, the Court set aside the verdict, and granted a new trial on the first, second, and fourth grounds taken in the rule.

Whereupon, propounders except, and assign for error,

1st. The refusal of the Court to charge in the language of the 2d, 3d and 5th requests made by counsel for propounders, without qualification, addition or alteration.

2d. The granting a new trial in the cause, upon the grounds or any of them upon which said judgment was predicated.

S. T. BAILEY; IVERSON L. HARRIS, for plaintiff in error.

C. B. COLE; JAS. J. SCARBOROUGH, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court right in refusing to give the second, third, and fifth requests, in charge?

As to the refusal to give the second, in charge.

The law requires, that in *every* case, the testator must know the contents of the will; but in ordinary cases, the law will take his bare signature, as proof, that he does know them.

This is not an ordinary case. In this case, the person who wrote the will and his kin, took a large part of the property willed away.

Now in such a case, what amount, or kind, of proof, does the law require, to show that the testator knew the contents of the will? Does it require proof, that the will was read over to him, or read by him, or, proof that he gave instructions for a will, corresponding with the will? And will it be satisfied by proof of no facts but these two, reading or instructions?

It is admitted on all hands, that proof of one or both of these two facts, is the most satisfactory of any; still we are not prepared to say, that there may not be other facts, the

Hughes vs. Meredith and wife.

proof of which will be sufficient;-but this, we think, we may say, that for any facts to be such others, they must be as potent as one of these two.

In such a case as the present, in which the person who writes the will, takes a large interest under it, and he a stranger to the blood of the testator, the *presumption* of law, is, that the testator, although signing the will, *does not know* its contents. The *onus*, then, is upon him who propounds the will, to rebut and overcome this presumtion, by showing, that the testator *does know* the contents of the will. Now, is *knowledge* of the contents of the will, susceptible of being shown, by proof short of that above indicated? It seems difficult to conceive, that it is. See *Bell vs. Man*, 5 *Ga.* 469 ; *Paske vs. Ollatt*, 1 *Eccl. R.* 273.

There is nothing contrary to this view even in the *dicta* in *Barry vs. Butlin*, 6 *Eccl. Rep'ts*, 417, and, in the decision, there is, perhaps, something in accordance with the view. In that case, there were interlineations in the handwriting of the testator, and other facts, showing, all together, that he must have read the will over.

We do not know of any authority, for the distinction taken in the request, that "*it is only in a case where the capacity or mind of the testator is doubtful,* and the person writing the will takes a considerable legacy under the will, that the law requires proof of the reading of the will by the testator or a knowledge of its contents." Suspicion is aroused, even, when the testator's capacity is undoubted. The Roman law entertained this suspicion to such a degree, that it declared that the person who writes ·the will, shall take no benefit under it. *Paske vs. Ollatt*, 1 *Eccl. R.* 273.

We think, that we may say, that if the case be one in which, the person who writes the will takes a large benefit under it, then, in order to show, that the testator knew the contents of the will, it is necessary to prove that the will was read to him, or read by him, or that he gave instructions for such a will,

or to prove some other fact or facts, equal as evidence to one of these.

In the present case, the person who wrote the will and his near relations took, as we have seen, a large share of the property disposed of by the will.

We, consequently, see nothing wrong in the refusal of the Court, to charge this second request.

As to the the third request.

Were the facts, that this testator signed the will, and said that it was his will, and that he had read it or heard it read, such as to require a jury to sustain the will, even though the person who wrote the will, took a large benefit under it? This is the question involved in this request.

And this question, according to the view already taken of the second request, may be resolved into this, were these facts as strong, as would have been the fact that the testator read or heard read, the will; or the fact that he gave instructions for such a will, had these latter facts existed.

The circumstances of the case considered, we think they were not as strong. These circumstances, go far, very far, to show, that the testator neither read the will, nor heard it read. If he neither read it nor heard it read, his saying that it was his will, could amount only to this, that he had unbounded confidence in the person who drafted it, was willing blindly to accept any will which he might write. The fact of the signature then, is, of all those mentioned in the request, the only one that can be much depended on, as a real fact. And that, by itself, as we have seen, will not do. Certainly the others of those facts add very little to that one, not enough to make the whole lot equal to a reading of the will by or to the testator, or to instructions for the will, given by him.

We think, then, that the Court was justified, in refusing this request.

If we are right thus far, it must be obvious, that the Court was right in refusing the fifth request.

We think the judgment ought to be affirmed.

Judgment affirmed.