Harris *et al. vs.* Harris *et al.*

---

JOSHUA L. HARRIS *et al.*, *caveators*, plaintiffs in error, *vs.* JAMES M. HARRIS *et al.*, propounders, defendants in error.

1. When the instructions of the court to the jury embrace many distinct questions of law, an exception to the whole charge is too general, and cannot be considered. Justice to the opposite party and to this court, requires that there should be a specification of the errors which are intended to be complained of.

2. This well settled rule should be the more strictly adhered to where the record does not contain the evidence in reference to the points on which those portions of the charge were founded that are proposed to be argued as being erroneous.

3. On the trial of an issue of *devisavit vel non*, an executor or legatee is a competent witness.

4. If a testator can read and write, his signature is usually sufficient evidence of his knowledge of the contents of the paper signed as his will.

5. The further provision of law that greater proof is necessary to show such knowledge if the will be written by one who takes a large benefit under it, does not require that the evidence shall be conclusive.

6. And if the court charged that in such a case there should be strong proof that the testator knew the contents, and assented to them, it was not error to refuse to charge that the evidence should be both strong and conclusive.

7. When the issues made by the *caveat* are undue influence—and that the testator did not know the contents of the will when it was signed, and it appears that the will had been written prior to the time of the execution, and was signed by the testator after it had been read over to him, and there were certain words in the will which it was claimed were in a different handwriting from the body of the instrument, it was not error in the court to refuse to charge that if upon inspection of the paper, the jury should think it had been altered, they should treat that as a circumstance of suspicion

against the will and to charge in lieu thereof, that it was a circumstance they might consider in coming to a conclusion as to the validity of the will.

8. A refusal to charge a request which includes a hypothesis of facts not authorized by the evidence, is not a ground of error.

Practice in the Supreme Court. Charge of Court. Witness. Wills. Administrators and executors. Legacies. Before Judge STROZER. Early Superior Court. April Adjourned Term, 1874.

James M. Harris and Howell J. Harris, as executors, propounded the following will for probate:

"GEORGIA—EARLY COUNTY: In the name of God, Amen.

"I, Joshua Harris, of the county of Early, in said state, being aged and infirm but of sound mind and disposing memory, do make, publish and declare this to be my last will and testament, hereby revoking all other wills or codicils by me heretofore made.

"Item 1st. I give my soul to Him that created it, and desire that my body be buried in the usual christian style, and that all my just debts be paid by my executors hereafter named.

"Item 2d. I give and bequeath unto my daughter, Sarah E. King, wife of Dr. J. J. King, $20 00 in money.

"Item 3d. I give and bequeath unto my dear daughter Nancy Jane Jenkins' children, $20 00 in money.

"Item 4th. I give and bequeath unto my son, Joshua L. Harris, $20 00 in money.

"Item 5th. I give and bequeath unto my dear son John W. Harris' children, $150 00 in money.

"Item 6th. I give and bequeath unto my dear daughter Caroline Sales' children, $150 00 in money.

"Item 7th. I give and bequeath unto my two sons, H. J. Harris and James M. Harris, all of my stock, hogs, cows, sheep, mules and horses; also, all of my land and appurtenances thereto belonging, and all my notes and money not disposed of.

"Item 8th. I do hereby appoint my sons, Howell J. Har-

ris and James M. Harris, executors to this my last will and testament, and charge them as such to carry out the same.

"In testimony whereof, I have hereto set my hand, this the 1st day of August, 1867.

(Signed)                    "JOSHUA HARRIS."


Attested in the usual manner by John Gilbert, Malcolm N. Averett and Augustus J. Mercier.

Joshua L. Harris and other heirs-at-law of the testator entered a *caveat* upon the following grounds:

1st. Because, at the time of the execution of the instrument propounded, said Joshua Harris was not of sound and disposing mind and memory, but was in a state of mental imbecility, and by law incapable of disposing of property.

2d. Because said Joshua Harris was induced to make the provision contained in the seventh item of said instrument by the undue influence and improper control of the propounders.

3d. Because said deceased, at the time of the execution of said instrument, was laboring under an insane delusion or hallucination as to *caveators.*

4th. Because the propounder, James M. Harris, one of the principal legatees under said instrument, and one of the executors, drafted the same, and the deceased did not know its contents at the time of the execution.

The ordinary admitted the instrument to probate, and the case was carried by appeal to the superior court. In the course of the trial in the last mentioned tribunal, the propounder, James M. Harris, offered himself as a witness. He was objected to on the ground that the paper tendered for probate was drafted by him, while the issue on trial was whether such instrument was freely and voluntarily executed by the deceased, or whether he had been imposed upon or unduly influenced by the witness offered, and Joshua Harris, the other party to this transaction, being dead, he was incompetent. The court overruled the objection except as to what had passed between the witness and deceased. To this ruling *caveators* excepted.

This witness was asked by counsel for propounders as to the state of deceased's mind and memory prior to, at the time of, and after the execution of said instrument. To these questions *caveators* objected. The objection was overruled, and they excepted.

*Caveators* requested the court to charge the jury as follows: "If you believe from the evidence that the paper offered for probate was written by some other person prior to the time the same was signed by the deceased, and that the person writing it takes a large benefit under it, then the law casts upon the propounders the burden of proving by strong and conclusive testimony that the will was read to the testator, that he did hear it and understand its contents, and that he did assent to it."

The court charged upon this point, in its general charge, as follows: "When a will is prepared by one who takes a large benefit under it, it cannot be set up without strong proof that testator understood its provisions and assented to them."

The request was refused, and *caveators* excepted.

*Caveators* requested the following charge: "If you believe from an inspection of the will that the same was altered in any material part, and that the same was done in a different handwriting from the main body of the will, it is a circumstance of suspicion against the will which the jury may consider, in connection with other testimony, in determining whether this paper is the will of the testator."

The court charged in lieu of the last portion of the request, "it is a circumstance which you can consider in coming to a conclusion as to the validity of the will." To this modification *caveators* excepted.

They further requested the court to charge as follows: "If you believe from the evidence that the paper offered as a will was signed by the testator, and that he had testamentary capacity, then you may inquire from the testimony whether there was any undue influence exerted over him by which he was induced to make a will different from what he would otherwise have made. Relationship, affection, preference be-

tween children or kindred, or kind treatment, are not sufficient in themselves to amount to undue influence.   But if you-believe from the evidence that the testator was old and infirm; that all his children had left him, and were living apart from him, except one; that that one was his son; that the testator had relinquished the management of his business into the hands of that son, and that he acted under the influence and control of that son, then it is the duty of the jury to scan closely all the evidence, and for this purpose they may consider slight circumstances in order to determine whether there was undue influence exerted by that son over him."

The court refused thus to charge, and *caveators* excepted.

The bill of exceptions contained the entire charge of the court, with a general exception thereto.   Detached portions of the testimony were incorporated.   The conclusions of counsel for *caveators* upon other parts of the evidence were also set forth, but no entire brief of the testimony was sent up.   No motion for a new trial was made.   Error was assigned upon each of the above grounds of exception.

H. & I. L. FIELDER; R. H. POWELL, for plaintiffs in error.

A. HOOD; JOHN C. RUTHERFORD; G. B. SWANN, for defendants.

TRIPPE, Judge.

1. There was a general exception to the entire charge of the court.   The charge embraced many distinct questions of law.   In *Smith et al. vs. Atwood,* 14 *Georgia,* 404, and frequently since, it was held that such an exception is not proper, but the plaintiff, in assigning error, must specify the portions of the charge to which he excepts.   In behalf of this rule it may be said, that justice to the opposite party and to this court requires that there should be a specification of the errors which are intended to be complained of.

2. In this case this rule should be specially adhered to.

Certain portions of the charge were proposed to be argued as being erroneous, and the record did not contain the evidence on which those parts of the charge were founded. The difficulty of intelligently and properly considering such is apparent, and great injustice might result from the attempt to do so.

3. There is nothing in the evidence act of 1866 which excepts from its operation an executor or legatee who is offered as a witness on the trial of an issue of *devisavit vel non:* See 36 *Georgia*, 568.

4, 5. Section 2418 of the Code declares: " In all cases, a knowledge of the contents of the paper by the testator is necessary to its validity; but usually, when a testator can read and write, his signature or the acknowledgement of his signature, is sufficient." The same section further provides: " If, however, the scrivener or his immediate relations are large beneficiaries under the will, greater proof will be necessary to show a knowledge of the contents by the testator."

6. The court, in this case, charged the jury upon this latter clause of this section, that there should be strong proof that the testator knew the contents of the paper and assented to them, and declined to charge that the evidence should be both strong and *conclusive.* This cannot be error. The statute does not require that in such a case the evidence must be conclusive. Such a test of the strength of evidence is hardly exacted in any case. The Code says *greater proof* will be necessary. That does not mean conclusive. When the judge, in connection with this section, told the jury that the proof should be strong, and declined to use the word conclusive, he met all the law required of him.

7. Upon the exception to the charge in reference to the matter of alleged alteration, it is sufficient to say that it was left fairly to the jury. Under the evidence on this point, it was a question not for the court to decide, that an apparent difference in the handwriting of a line or two of the will was a circumstance of suspicion against the will. It was sufficient to say that it was a circumstance they might consider in

coming to a conclusion as to its validity. The testimony did not authorize the court to go farther than it did.

8. A great portion of the last request made by the *caveator* for the court to charge, was included in the general instructions which had already been given to the jury. There was another part of it which included a hypothesis of facts not authorized by the evidence. It is never error to decline to charge such a request. A charge of the court, and all parts of it, should grow out of the proof before the jury.

Judgment affirmed.