## BUTLER *v.* THE STATE.

HILL, J. 1. Where a defendant is on trial for murder, and the State relies partly upon circumstantial evidence for conviction, and the defendant in his statement to the jury admits killing the deceased but seeks to justify himself, and there is also evidence tending to show admissions of the defendant to the same effect, it is not error to omit to instruct the jury on the law of circumstantial evidence.

2. The statute defining voluntary manslaughter contains the declaration that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." The reading by the court of the entire section definitive of voluntary manslaughter (Penal Code, § 65), containing the quoted language, while charging on the subject of voluntary manslaughter, was not subject to the criticism that by so doing the court entrenched upon the law of justifiable homicide, in that the reading of the section tended to convey to the jury the implication that they could not consider threats accompanied by menaces, as defined in *Cumming* v. *State*, 99 *Ga.* 662 (27 S. E. 177), as sufficient cause to arouse the fears of a reasonable man that his life is in danger or that a felony is about to be perpetrated upon him. *Price* v. *State*, 137 *Ga.* 72 (7), 74 (72 S. E. 908).

3. While instructing the jury, after charging section 65 of the Penal Code on the subject of voluntary manslaughter, it was not error on the part of the court to add: "Serious personal injury, as used in this connection, means an injury greater than a provocation by mere words, and less than a felony." *Buchanan* v. *State*, 24 *Ga.* 282. Nor did this instruction amount to an expression of opinion.

4. It was not error, under the facts proved, for the court to charge: "The idea of prevention must enter into all cases of justifiable homicide.

No one can legally slay another when it is apparent that there is no imminent danger at the time of the killing, or the danger is over. To deliberately kill another in revenge for a past wrong, however heinous, can not be justified."

5. To charge the jury that "If the slayer kills his adversary, not because of any fears in his mind that his adversary is about to kill him or commit a felony on his person, but solely because of passion excited by mere words or verbal threats, or mere menaces, then such killing would be murder," is not open to the criticism that "words, threats, menaces, and contemptuous gestures may be sufficient to justify the killing."

6. After charging the law on the subject of justifiable homicide as contained in the Penal Code, § 72, it was not error to add: "You will note, from the definition of justifiable homicide just given, that it is not justifiable to kill a human being to prevent a misdemeanor being committed upon the slayer's person, but justifiable only when such killing is done to prevent a felony being committed upon the person of the slayer. The law does not justify a killing by one who believes that he has grounds to fear that he will be injured, without regard to the extent of the injury. If it is apparent that the assailant intends to commit a trespass or a misdemeanor only, it would not be justifiable to kill him. And to be justifiable, the killing must be done in good faith in defense of the person." Crawford v. State, 90 Ga. 701 (17 S. E. 628, 35 Am. St. R. 242).

7. The evidence in this case was of such a character as to authorize the following charge: "To constitute justifiable homicide, the slayer must not have brought on himself the necessity to kill the deceased. If the defendant provoked and brought on the difficulty by his own fault, and brought upon himself the necessity to kill the deceased, such killing would not be justifiable homicide. If one provokes a difficulty and makes no effort to decline it, but kills his adversary in the contest, it is not justifiable homicide. One can not create an emergency which renders it necessary for another to defend himself, and then take advantage of the effort of the other person to do so." See Buchanan v. State, 24 Ga. 282 (2).

8. Grounds of a motion for a new trial which are not verified by the judge will not be considered.

9. The evidence was sufficient to support the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

MAY 13, 1915.

Indictment for murder. Before Judge Graham. Laurens superior court. January 18, 1915.

*John R. Cooper, R. Earl Camp,* and *H. P. Howard,* for plaintiff in error. *Warren Grice, attorney-general, E. L. Stephens, solicitor-general,* and *A. L. Henson,* contra.