## BROWN *v.* THE STATE.

No. 10142. APRIL 11, 1934. REHEARING DENIED MAY 21, 1934.

*Casey Thigpen,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Marvin L. Gross, solicitor-general, B. D. Murphy* and *J. T. Goree,* contra.

GILBERT, J. The defendant was indicted, tried, and convicted of the offense of murder, and was sentenced to life imprisonment. His motion for a new trial was overruled, and he excepted.

1. The court did not err in refusing a request to charge the jury the law of voluntary manslaughter. The request was incomplete in that it omitted some of the essential ingredients of that offense, and did not present the abstract law correctly. Moreover, the request was in the nature of an argument, and was calculated to mislead the jury.

2. Voluntary manslaughter was not involved in the case. The sole basis for the requested instruction was the following portion of the statement of the accused: "Sunday night when I crossed the branch I discovered somebody up the road ahead of me, on the left-hand side. I was on the right-hand side. Well, when I got up there he just run out on that side and says, 'Yes, dog-gone-it, here is where I have been wanting you,' and started to run one hand in his pocket, and I shot and went on up to Mr. Levy's and told him about it." Nothing in that statement can be construed as an actual assault upon the accused or an attempt to commit a serious personal injury on him, or other equivalent circumstances sufficient to justify the excitement of passion and to exclude all idea of deliberation or malice either express or implied, or that the killing was the result of a sudden violent impulse of passion supposed to be irresistible. Penal Code, § 65; *Johnson v. State,* 173 *Ga.* 734 (2), 742 (151 S. E. 590).

3. One ground of the motion assigns error on the refusal of the court to charge the jury, according to a written request duly presented, on the subject of the "inequality of the relative size of the defendant and the deceased." In that ground the movant states that "the court covered in the general charge to the jury the substance of the request," but insists that in other parts of the charge, not specified, the court detracted from that charge. The excerpt from the general charge on that subject is copied in the ground of the motion, and shows that the subject was fairly covered.

4. Movant complains that in the general charge the court instructed the jury that the law of voluntary manslaughter was not involved, and that the court would not instruct the jury on that subject. The criticism is that this instruction amounted to an expression of opinion as to what "had not been proved." This ground of the motion is without merit. *Godbee v. State,* 141 *Ga.* 515 (8), 522 (81 S. E. 876).

5. Movant complains that the court erred in failing to instruct the jury on the law of circumstantial evidence, without a request. This ground is without merit. The verdict was not dependent entirely upon circumstantial evidence. In *Butler v. State,* 143 *Ga.* 484 (85 S. E. 340), it was ruled as follows: "Where a defendant is on trial for murder, and the State relies

partly upon circumstantial evidence for conviction, and the defendant in his statement to the jury admits killing the deceased but seeks to justify himself, and there is also evidence tending to show admissions of the defendant to the same effect, it is not error to omit to instruct the jury on the law of circumstantial evidence." See also *Harris* v. *State*, 152 *Ga.* 193 (5) (108 S. E. 777), and cit.

6. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*