24556. BARNES v. THE STATE.

BROYLES, C. J. 1. The special ground of the motion for a new trial alleging that the charge of the court upon the law of voluntary manslaughter was error, in that it omitted certain specified ingredients of that offense, is without merit. The accused was indicted for murder and convicted of voluntary manslaughter. Counsel for the plaintiff in error, by expressly abandoning in his brief the general grounds of the motion for a new trial, admits that the verdict was authorized by the evidence. The special ground fails to show how the failure to charge all of the law of voluntary manslaughter was prejudicial to the accused. In *Brown* v. *State*, 178 Ga. 772 (174 S. E. 536), cited by counsel for the plaintiff in error, the accused was convicted of murder.

2. Exception is taken to the following excerpt from the charge: "You have heard the *evidence*, the sworn testimony and the defendant's statement. I will now give you in charge the law and you apply the law as given you in charge by the court to the *evidence*, the sworn testimony and the defendant's statement, and write a verdict that speaks the truth. That is the object of the investigation." (Italics ours.) The charge is not subject to the exception "that it excluded entirely from the consideration of the jury" certain physical evidence introduced, "and limited the jury to a consideration only of the sworn testimony and the defendant's statement."

3. The requested charge upon the subject of the defendant's statement to the jury was sufficiently covered in the charge of the court.

4. The general grounds of the motion for a new trial are expressly abandoned in the brief of counsel for the plaintiff in error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided January 26, 1935.

*Casey Thigpen, Joseph M. Branch,* for plaintiff in error.
*Marvin L. Gross, solicitor-general, Harris & McMaster,* contra.