PITMAN *et al. v.* OLIVER *et al.*

No. 11986. November 11, 1937.

*James K. Rankin, Hamilton Kimsey,* and *Joseph G. Collins,* for plaintiff in error.

*J. H. Porter,* and *Kennedy, Campbell & Therrell,* contra.

Russell, Chief Justice. To an application to probate in solemn form the will of Mrs. Amanda J. Oliver a caveat was interposed, alleging mental incapacity of the testatrix, and that the execution of the will was procured by the exercise of undue influence by the legatees. The ordinary found in favor of the propounder. The caveators appealed to the superior court, where a jury returned a verdict setting up the will. A motion for new trial was overruled, and the caveators excepted. The purported will was executed on August 11, 1931. The testatrix died in May, 1935. She was about eighty years of age when the instrument was signed. Her heirs at law consisted of ten children. The will devised her entire estate to a son, Fletcher Oliver, and a daughter, Mrs. Bessie Oliver Lane. The caveators were the other sons and daughters. It appears from the evidence that for a number of years preceding her death the testatrix lived with her daughter, Mrs. Lane. The factum of the will, the apparent testamentary capacity of the testatrix, and that the will was voluntarily executed by her, were testified to by the three subscribing witnesses. No evidence was adduced in support of the ground of caveat that the testatrix was lacking in testamentary capacity. The caveators introduced testimony for the purpose of showing the exercise of undue influence on the part of Mrs. Lane, before the signing of the will, and efforts on the part of Mrs. Lane and Fletcher Oliver to prevent their brothers and sisters from engaging in conversation with their mother, after the date of the execution of the will, other than in the presence of the propounders.

The first special ground of the motion for new trial assigns error on the following charge of the court to the jury: "The issue as such, and as a separate, independent attack upon the will,

of mental capacity, will not be submitted to you for determination upon any issue of fact." It is contended that said charge is error, because: (a) it eliminated all issues and caveats filed by caveators, except the one issue of undue influence; (b) knowledge of the contents of alleged will was not sufficiently shown by the evidence, since the will was procured, written, and later changed by Bessie Oliver Lane, one of two equal beneficiaries under the will; and this charge excluded that issue from the jury; (c) the charge took away from the jury the issue of fraud practiced by beneficiaries, Bessie Oliver Lane and Fletcher Oliver, on the testatrix and caveators. This exception is without merit, it not being alleged that there was any evidence which would have authorized the jury to find that the testatrix was lacking in mental capacity to execute the will.

■ Error is assigned on the following charge: "With reference to sayings and declarations and statements made by Mrs. Oliver [the testatrix] before her death, with reference to this will. Those sayings and declarations would not be admissible in the case if made out of the presence of parties to this case, except as they may illustrate to you or not the state of mind of the testatrix at the time of the execution of the will; as to whether or not her mind was in such condition as to be easily influenced or not, and as to whether or not it was so influenced." The contention is that "said charge was error, because it excluded from consideration of the jury all evidence in the case showing declarations of testatrix that she was forced to make the will by propounders, and that she did not want to make it but had to. Movant contends that said declarations and statements of testatrix were relevant, material, and admissible evidence, and not to allow it without restriction on issue of undue influence was erroneous because contrary to law." Grounds 5 and 6 are based on the same contention, to wit: that declarations of the testatrix were relevant and admissible without restriction on the issue of undue influence. Under the decisions of this court in *Dennis* v. *Weekes*, 51 *Ga.* 24 (6), *Jones* v. *Grogan*, 98 *Ga.* 552 (7) (25 S. E. 590), *Credille* v. *Credille*, 123 *Ga.* 673 (3) (51 S. E. 628, 107 Am. St. R. 157), *Purser* v. *McNair*, 153 *Ga.* 405 (112 S. E. 648), *Pennington* v. *Perry*, 156 *Ga.* 103 (4) (118 S. E. 710), and *Ezell* v. *Mobley*, 160 *Ga.* 872 (11) (129 S. E. 532), these exceptions are without merit.

■ The court charged the jury as follows: "I charge you that the rule of law, to the effect that where preparing or perfecting the preparation of a will under which he or she takes a large bene-ficiary interest, requires stricter proof than is usually necessary to show in connection with the contents of a will on the part of the propounder, would have no application in the case before you, should you find that Mrs. Lane did nothing to suggest or instigate the making of a will, but acted only in the furtherance of the expressed desire of the testatrix in having the will prepared." The movants contend "that said charge was error and caused verdict against caveators, (a) because said charge is contrary to law, (b) because extra burden placed on beneficiaries instrumental in having will written applies in case at bar, and said charge eliminated it from case at bar," and that "the law requires affirmative showing in case at bar that testatrix had full and clear knowledge of such purported will, before its execution could be proved." It appears from the record that, immediately before the instruction just quoted, the court instructed the jury: "Now, gentlemen, our law says that in all cases a knowledge of the contents of a paper by the testatrix is necessary to its validity; but usually where a testatrix can read and write, her signature, or the acknowledgment of the signature, is sufficient. If, however, a scrivener and his relations are largely benefited under the will, greater proof will be necessary to show a knowledge of the contents by the testatrix. If a person has capacity to make a will, and he signs it as his will, a presumption arises that he knows the contents of the paper; but the presumption is not a conclusive one, and may be rebutted. As a matter of law, it is not necessary at the execution of a will that the will should be read at the time. It is indispensable, however, that the contents of the will be known to the testatrix. I charge you, however, that the law raises a presumption that the testatrix knew of the contents of the will which she executed. This presumption, however, may be rebutted by proof; and the presumption that a testatrix was aware of the contents of a will when it was executed makes a prima facie case for propounders, when they have shown to your satisfaction that the will was executed as the law requires." The sentence in the charge to which exception is taken, as set out, only instructed the jury that they were not to apply the rule in question should they find that Mrs. Lane

"did nothing to suggest or instigate the making of a will, but acted only in the furtherance of the expressed desire of the testatrix in having the will prepared." The instruction of which complaint is made conformed to the Code, § 113-305, relating to this subject. That section is as follows: "In all cases, a knowledge of the contents of the paper by the testator shall be necessary to its validity; but usually, where a testator can read and write, his signature, or the acknowledgment of his signature, shall be sufficient. If, however, the scrivener or his immediate relations are large beneficiaries under the will, greater proof shall be necessary to show a knowledge of the contents by the testator." Obviously, under this law, the rule of "greater proof" would be inapplicable if the beneficiary was not the scrivener and did "nothing to suggest or instigate the making of a will."

■ Error is assigned on the refusal of the court to charge the jury, as requested in writing, as follows: "I charge you the very nature of a will requires that it should be freely and voluntarily executed; hence anything which destroys this freedom of volition invalidates a will." It appears from the charge of the court in the record that the jury were instructed: "Now, gentlemen, on the subject of this ground in the caveat of undue influence: Propounders deny that there was any such undue influence. This allegation of undue influence is based upon a section of our law which provides that the very nature of a will requires that it should be freely and voluntarily executed; hence anything which destroys this freedom of volition invalidates a will, such as any undue influence, whereby the will of another is substituted for the wishes of the testator. It will be for you to determine, from all the facts and circumstances as disclosed by the evidence, whether there was such alleged conduct; and if so, whether that destroyed freedom of volition on the part of Mrs. Oliver at the time of the making of the will." The court then fully instructed the jury as to the degree of undue influence required to invalidate a will. The refusal of the request was not erroneous for the reason assigned, that the "court erred in refusing to give said written request to charge, and said refusal to charge was prejudicial to movants." The principle embodied in the request was appropriately stated in the charge as delivered to the jury; and therefore the refusal to charge in the exact language

of the request could not have been harmful to the movants. *Wilson v. State,* 176 *Ga.* 198 (3) (167 S. E. 111); *Brown* v. *State,* 178 *Ga.* 772 (3) (174 S. E. 536); *Hargroves* v. *State,* 179 *Ga.* 722 (5) (177 S. E. 561). See also *Blood Balm Co.* v. *Cooper,* 83 *Ga.* 458 (3) (10 S. E. 118, 20 Am. St. R. 324).

■ The evidence, though conflicting, authorized the verdict for the propounders. The court did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*