31783. WILSON *v.* STATE.

Decided December 5, 1947.

*Moses E. Brinson, John W. Davis, J. Ralph Rosser,* for plaintiff in error.

*E. J. Clower, Solicitor-General, T. J. Espy Jr., G. W. Langford,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Section 38-415 of the Code gives to the defendant the right to make to the court and jury such statement in the case as he may deem proper in his defense. This right, however, is not entirely unlimited. While the court may so far restrain the prisoner's statement as to prevent his occupying the time of the court and jury with long, rambling, and irrelevant matter, yet as to all matters connected with the case the prisoner may make such statement as he may think proper, and he should not be restricted to stating such facts as would be admissible in evidence. It has repeatedly been held that the rules of evidence have no application to the defendant's statement. See *Prater* v. *State,* 160 *Ga.* 142 (127 S. E. 296). While it has been held that the court may properly exclude immaterial matter, it can not be said that the facts detailed by the defendant in his affidavit as those which he intended to state to the jury, had he not been interrupted by the court, are immaterial. That he had suffered a serious injury from an explosion affecting his nervous system and impairing his health both physically and mentally, was certainly material to his defense. If statements of defendants were controlled by rules of evidence, these facts might be inadmissible as such, but as before pointed out, rules of evidence do not apply to the statements of defendants and it has been expressly held that, "As to the statement of facts which are connected with

such transaction and as explanatory of the motives and conduct of the accused, or as illustrative of his mental condition, the statement of the defendant can not be withdrawn from the jury, or curtailed either by rulings or interruptions, merely because the facts stated by the defendant and which constitute a part of his narrative of his connection with the case may, under the rules of evidence, be irrelevant and do not present in law a valid defense." *Prater* v. *State,* supra.

In the instant case, the interruption by the court of the defendant in making his statement occurred so early in the statement that the court had no intimation of what he was going to say or how long it would take him to say it. The purpose of giving the courts any power to regulate statements of defendants is twofold: first, without regard to rules of evidence, to prevent the defendant from injecting into the case prejudicial matter wholly foreign to the issues of the case or any connection that the defendant may have had with it; second, in the interest of the conservation of the time of the court and jury, to prevent the defendant from occupying it with long, rambling, and irrelevant matter. In the instant case, the interruption of the defendant in the making of his statement was harmful and prejudicial error requiring another trial of the case.

■ The defendant, in his statement to the jury, admitted the killing of the deceased. However, it is insisted that there was no other direct testimony tending to prove that the defendant killed the deceased, and that for this reason the court should have charged the jury the law with reference to circumstantial evidence.

Where the accused in his statement to the jury admits the shooting, but claims justification, as in the present case, the case is one not wholly dependent upon circumstantial evidence, and the failure of the court to charge upon that subject is not reversible error. See *Harris* v. *State,* 152 *Ga.* 193, 194 (5) (108 S. E. 777); *Butler* v. *State,* 143 *Ga.* 484 (1) (85 S. E. 340); *Dumas* v. *State,* 62 *Ga.* 58.

Since the case is being reversed on one of the special grounds, it is deemed unnecessary to pass on the general grounds.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*