## BODEKER *v.* PURDY, executrix.

HAWKINS, Justice. This was an appeal to Chatham Superior Court from the Court of Ordinary, involving the application of Velma Nelson Purdy to probate the will of Agnes Doyle in solemn form, to which Margaret Doyle Bodeker filed her caveat. At the time the case went to trial before the jury, the caveat was based solely on the ground of mental incapacity of the testatrix to make a will. After the close of the evidence in behalf of the propounder, and during the argument of counsel, the caveat was amended to allege "That the son of the propounder was the scrivener of said will, and that the instrument which is purported to be the will of Agnes Doyle, was never read to her, or read by her, in the presence of any of the subscribing witnesses to said will, and therefore said will should not be admitted to probate." The jury returned a verdict in favor of the propounder, and the exception here is to the judgment overruling the motion for a new trial filed by the caveatrix. *Held:*

1. Since the contention of the caveatrix that the son of the propounder was the scrivener of the will, and that it was never read to the testatrix, or read by her in the presence of any of the subscribing witnesses to the will, and that for this reason the will should not be admitted to probate, was first raised by an amendment filed and allowed after the evidence had closed and during the argument of counsel, it was not an abuse of discretion on the part of the trial judge to reopen the case on motion of counsel for the propounder and permit them to offer evidence on the issue thus raised. *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (56 S. E. 97); *Penn* v. *Georgia Southern & Fla. Ry. Co.,* 129 *Ga.* 856 (60 S. E. 172).

2. Where, as here, the person who prepared the will is the son of the main beneficiary under the will, and he testifies, "She (the testatrix) requested me to draw a will for her; she told me what she wanted in it; I prepared that will and that is the will she executed," and one of the subscribing witnesses to the will testified, "She told us what she wanted us to do, to sign her will; she said it had been in the house for some time and she had put off signing it, and Mr. Haslam presented the will to his aunt and asked if she had read it, if she knew what it was, and she said 'Yes,' and he said 'Do you want these friends to sign it,' and she said 'Yes, I do; I should have done it a long time ago,'" and the propounder and main beneficiary under the will testifies: "My full name is Velma Nelson Purdy; I am Miss Agnes Doyle's niece and the beneficiary under this will; I am the niece with whom Miss Doyle has lived for the last eleven years; my son prepared a will for her and I

gave it to her; she read it several times and I also read it to her; she read it herself no less than three or four times; she has had it in her room for at least two or three weeks"—such evidence is sufficient to meet the requirements of Code § 113-305, of greater proof to show knowledge of the contents of the will by the testatrix where the scrivener or his immediate relations are large beneficiaries under the will. *Hughes* v. *Meredith,* 24 *Ga.* 325; *Carrie* v. *Cumming,* 26 *Ga.* 690; *Harris* v. *Harris,* 53 *Ga.* 678; *Woodson* v. *Holmes,* 117 *Ga.* 19 (43 S. E. 467); *Cook* v. *Washington,* 166 *Ga.* 329 (143 S. E. 409); *Pitman* v. *Oliver,* 184 *Ga.* 840 (193 S. E. 884).

3. The uncontradicted evidence of two of the subscribing witnesses to the will (the other being out of the State and inaccessible), and of the attending physician, and two registered nurses, who waited upon the testatrix during her last illness, being to the effect that the testatrix was of sound and disposing mind and memory, and that her mind was unimpaired at the time the will was executed, and the caveatrix having offered no evidence, a verdict in favor of the propounder was demanded; and the errors, if any, committed by the trial judge in the charge to the jury and in rulings with reference to the argument of counsel would not require a reversal.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18125. ARGUED FEBRUARY 9, 1953—DECIDED FEBRUARY 24, 1953.

*Pierce Brothers* and *Aaron Kravitch,* for plaintiff in error.

*Nelson Haslam, E. Ormonde Hunter* and *Connerat, Dunn, Hunter, Cubbedge & Houlihan,* contra.