*Mills & Chastain, Ben B. Mills, Jr.,* for appellee.

S91A0026. LOWE et al. v. YOUNG et al.
(400 SE2d 619)

WELTNER, Justice.

The caveators appeal from a jury verdict in favor of the probate of a will. Two days before his death, the testator said that he wanted the two propounders, his cousins, to be executrices of his estate. On the day before the testator's death, one of the propounders, in the testator's presence, prepared the will, which devised one-half of the estate to herself.

1. (a) The caveators assert that the trial court failed to require a "clear and convincing" standard of proof as to the testator's knowledge of the contents of his purported will. The scrivener was a primary beneficiary, and the only testimony of the testator's requisite knowledge of the will's contents is the testimony of the scrivener, which they claim is hearsay.

(b) OCGA § 53-2-42 provides:

> Knowledge of the contents by the testator is necessary to the validity of a will. If the testator can read and write, his signature or the acknowledgment of his signature is usually sufficient to show such knowledge. However, if the scrivener or his immediate relations are large beneficiaries under the will, greater proof shall be necessary to show a knowledge of the contents by the testator.

In *Whitfield v. Pitts,* 205 Ga. 259, 270 (1) (53 SE2d 549) (1949), we held:

> The greater proof, which is necessary where immediate relations are large beneficiaries [under the will], does not require that the evidence shall be conclusive but will be sufficient if strong. [Cit.]

In *Beall v. Mann,* 5 Ga. 456, 470 (2) (1848), we held: "The courts will . . ., under such circumstances, require strong proof of intention." See also *Hughes v. Meredith,* 24 Ga. 325, 329 (1858), holding:

> [I]f the case be one in which, the person who writes the will takes a large benefit under it, then, in order to show, that the testator knew the contents of the will, it is necessary to prove that the will was read to him, or read by him, or that he gave

instructions for such a will, or to prove some other fact or facts, equal as evidence to one of these.

2. (a) In the present case, there was evidence that the will was read to the testator — who was mentally alert, coherent, able to speak and respond to questions — and that he verbally assented to it. The fact that this was the scrivener's testimony does not vitiate the evidence, but merely goes to its credibility, which is a jury issue.

(b) In its initial charge, the trial court correctly charged the jury in the language of OCGA § 53-2-42. That Code section contains no "clear and convincing evidence" standard of proof. The evidence authorized the finding that the testator possessed the requisite knowledge of the contents of the will.

3. (a) The caveators enumerate as error the trial court's failure, in its recharge to the jury, to instruct the jury as to a standard of "greater proof," as specified by OCGA § 53-2-42, above.

(b) In *Shouse v. State*, 231 Ga. 716, 720 (13) (203 SE2d 537) (1974), we held:

> "Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested." [Cits.]

There was no error.

4. The remaining enumerated errors present no grounds for reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 1991 —
RECONSIDERATION DENIED MARCH 7, 1991.

*Ronald S. Iddins,* for appellants.
*Fennessy, Skipper & Nettum, Richard E. Nettum,* for appellees.